**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARIO A. FOSTER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-cv-2723-DWD** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Pending before the Court is Petitioner Mario A. Foster's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 1). Petitioner raises four grounds for relief: (1) ineffective assistance of counsel; (2) improper career offender enhancement; (3) prosecutorial misconduct; and (4) equal protection.[1] The Government has filed a response to the Petition. (Doc. 11). Foster did not file a reply. For the reasons below, the Court **DENIES** Foster's § 2255 Motion.

## I. BACKGROUND

Foster was charged in a two-count complaint with possession with intent to distribute a controlled substance cocaine base and possession with intent to distribute a controlled substance fentanyl. *United States v. Foster*, 21-cr-30137-DWD-1 (S.D. Ill.) ("Criminal Case") at Doc. 1. At his initial appearance, Petitioner was appointed counsel

[1] Petitioner also raises arguments both in his supplemental pleadings regarding the November 1, 2023 advisory sentencing guideline changes. To the extent that these arguments seek a sentence reduction of the "status" and "zero" point retroactive changes, they have been addressed and rejected by the undersigned in Petitioner's criminal case. (Criminal Case Docs. 75 and 81).

and the next day Federal Public Defender Todd Schultz entered his appearance on Petitioner's behalf. (Criminal Case Docs. 9, 14).

The grand jury indicted Petitioner on August 18, 2021, with the same two counts, possession with intent to distribute cocaine base and fentanyl. (Criminal Case Doc. 20). On February 3, 2022, FPD Schultz filed a motion informing the Court that he had been "fired" by Petitioner. (Criminal Case Doc. 36). On February 9, 2022, the Court held a hearing and determined that new counsel was unnecessary. (Criminal Case Doc. 38). The Court further informed Petitioner and FPD Schultz that it would revisit the matter if there were any further issues. (Criminal Case Doc. 38). Neither FPD Schultz nor Petitioner raised any further issues regarding the attorney-client relationship.

On April 13, 2022, Foster entered an open plea of guilty but agreed to a written stipulation of facts. (Criminal Case Docs. 44 and 45). At the change of plea hearing, the Court conducted a Rule 11 colloquy. (Doc. 7-1). During the colloquy, Petitioner confirmed he understood his rights, he understood the possible penalties, and his desire to plead guilty to the two-count indictment. (Doc. 7-1).

The Presentence Investigation Report calculated the converted drug weight, resulting in a base offense level of 20. (Criminal Case Doc. 49, pp. 4-5). However, because Defendant received a Chapter Four enhancement for being a career offender, his offense level was increased from level 20 to level 32. (Criminal Case Doc. 49, p. 5). After Defendant's acceptance of responsibility, his offense level was reduced to 29 with a criminal history category of VI. (Criminal Case Doc. 49, pp. 5 & 11). Defendant's criminal history category was based on a preliminary criminal history score of ten that was

enhanced due to Defendant's status as a career offender. (Criminal Case Doc. 49, pp. 8-10, 11). Accordingly, Defendant's criminal history category was raised from V to VI. (*Id*). Defendant's advisory guideline range was 151 to 188 months' imprisonment. (Criminal Case Doc. 49, p. 19). Defendant was sentenced to 156 months as to each count, to be served concurrently. (Criminal Case Doc. 59).

Petitioner's notice of appeal was filed on August 31, 2022. *United States v. Foster*, Case No. 22-2542, R. 1 (7th Cir. 2022). On September 26, 2022, counsel filed an *Anders* brief and a motion to withdraw with the 7th Circuit. Pursuant to Circuit Rule, briefing was stayed, and Petitioner was directed to file any argument within thirty days. Petitioner did not file any response. On February 17, 2023, the Seventh Circuit granted counsel's motion to withdraw and upheld Petitioner's sentence. (*Id.*). No petition for writ of certiorari was filed.

## II. LEGAL STANDARD

### A. Section 2255 Standard

Section 2255 permits prisoners to petition their sentencing court for relief from their sentence if the sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under section 2255 is "reserved for extraordinary situations" and cannot substitute for direct appeals. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

Petitioner ultimately bears the burden to prove the allegations in his petition warrant relief under section 2255. *Stetson v. United States*, 417 F.2d 1250, 1253 (7th Cir. 1969).

**B. Ineffective Assistance of Counsel**

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014). "With respect to the performance prong, a movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Wyatt*, 574 F.3d at 457-58. "A court, in reviewing a petitioner's claim of ineffective assistance of counsel, must give great deference to the attorney's performance due to the distorting effects of hindsight." *Bishawi*, 292 F. Supp. 2d at 1127 (citing *Strickland*, 466 U.S. at 689). "Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

**C. Evidentiary Hearing**

The district court is not required to hold an evidentiary hearing on a section 2255 motion if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Cooper v. United States*, 378 F.3d 638, 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)); *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) ("There is no requirement that the district court grant an evidentiary hearing for every § 2255 petition alleging factual improprieties."). In the instant case, the Court

finds that a hearing is not required. The record conclusively shows that Petitioner is not entitled to relief. Accordingly, no evidentiary hearing is required.

## III. Discussion

### A. Ineffective Assistance of Counsel

Petitioner asserts that he was deprived of the right to effective assistance of counsel guaranteed by the Sixth Amendment. Specifically, he claims his attorney performed deficiently by: (1) failing to pursue meritorious defense strategies of which counsel had been notified by Petitioner; (2) making threatening statements such as "if you go to trial they'll give you life" and other pessimistic statements that coerced Petitioner into pleading guilty; (3) failing to lodge any objections to the career-offender enhancement and the drug-weight calculation in the Presentence Report ("PSR"); and (4) failing to recuse himself. He also asserts that counsel failed to represent him adequately on appeal.

The Court addresses each of Petitioner's alleged instances of ineffectiveness in turn below.

#### 1. District Court Representation

*a. Failure to Pursue Meritorious Defenses*

Petitioner alleges counsel failed to raise meritorious defenses at sentencing. Petitioner, however, does not specify what defenses counsel failed to raise. Petitioner's bare assertion that counsel failed to identify meritorious defense strategies is insufficient. *U.S. v. Hodges*, 259 F.3d 655, 658 (7th Cir. 2001) (defendant "is required to 'identify the acts or omissions [committed by his] counsel that are unreasonable.'") (*Citing to Strickland v. Washington,* 104 S.Ct. 2052(1984)). Without identifying any particular meritorious

strategies counsel failed to raise at sentencing or explaining how their omission created a reasonable probability of a different result, Petitioner's conclusory allegation satisfies neither the performance nor the prejudice prong of *Strickland*. *See United States v. Hattermann,* 853 F.2d 555, 558 (7th Cir. 1988) ("[E]ven a deficient performance on the part of trial counsel should not lead to reversal in the absence of evidence that the attorney's performance prejudiced the defense."); *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002) (conclusory, unsupported statements do not satisfy Strickland's prejudice prong).

*b. Threatening/Pessimistic Statements*

Petitioner claims that counsel threatened him by stating "if you go to trial they'll give you life" and made unspecified "pessimistic" statements. Petitioner's allegations fail to establish ineffective assistance under *Strickland*. Petitioner has not identified the specific "pessimistic" statements and thus has not identified the specific acts or omissions of counsel necessary to show deficient performance. *See Fuller v. United States*, No. 10-CV-267-DRH, 2012 WL 1866863, at *6 (S.D. Ill. May 22, 2012); *Luczak v. Schomig*, No. 01 CV 09352, 2003 WL 1627844, at *8 (N.D. Ill. Mar. 27, 2003); *see also United States v. Davenport,* 986 F.2d 1047, 1049 (7th Cir.1993) (defendant bears the burden of proof and persuasion to establish ineffective assistance of counsel).

Petitioner's claims of threats and coercion are contradicted by his sworn denials during the plea colloquy, to which courts lend particular credence. During the colloquy, the Court advised Petitioner that the maximum penalty for each offense was twenty years, and Petitioner confirmed his awareness of those penalties. When the Court asked whether anyone had promised or threatened him in any way to induce him to sign the

stipulation of facts or enter a guilty plea, Petitioner responded in the negative. Petitioner offers no compelling reason to disregard his prior sworn testimony, and the Court therefore credits those statements over his current allegations.[2] *See United States v. Logan,* 244 F.3d 553, 558 (7th Cir.2001) (defendant's statements given under oath during a plea colloquy are presumed to be true); *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999)("Because of the great weight we place on these in-court statements, we credit them over [defendant's] later claims.").

*c. Drug Quantity Calculation*

Petitioner contends that counsel was ineffective at sentencing for failing to object to the drug quantity reported in the PSR. He asserts that he asked counsel to challenge the validity of the drug weight on the ground that non-controlled substances were included and thereby inflated the weight of the controlled substances recovered. This claim is without merit. Petitioner supplies no factual basis for his assertion that the PSR quantity was inaccurate; he offers only a bare, conclusory allegation. *See Coe v. United States*, No. 08-CV-2156, 2008 WL 4211668, at *2 (C.D. Ill. Sept. 10, 2008) (rejecting an identical claim where the petitioner "failed to provide an affidavit showing specifically what proof he has to challenge the drug quantity and what exactly his counsel should have done" and advanced only a "conclusory argument without providing any facts"); *White v. United States*, No. 12 C 50272, 2013 WL 1499182, at *4 (N.D. Ill. Apr. 11, 2013) (conclusory, unsupported statements do not satisfy *Strickland*). The Government has

[2] Petitioner's counsel has also provided an affidavit. Counsel's affidavit does not support Petitioner's allegations.

submitted laboratory reports that confirm the weights used in the PSR, rendering Petitioner's speculation insufficient to establish either deficient performance or prejudice. In addition, Petitioner admitted under oath at the plea colloquy and in the accompanying stipulation of facts, the weights that formed the foundation for the PSR calculation. A defendant who has already admitted the factual basis supporting a drug quantity cannot later claim prejudice from counsel's failure to object to that same quantity at sentencing. *See United States v. Parker*, 609 F.3d 891, 895–96 (7th Cir. 2010); *Coe*, 2008 WL 4211668, at *2 (noting that the petitioner's open-plea admission to the quantity necessary to support the charged offense defeated the claim).

*d. Career Offender Guideline*

Petitioner contends that counsel was ineffective for failing to object to his designation as a career offender under U.S.S.G. § 4B1.1. He asserts that his two qualifying Illinois convictions, Unlawful Possession with Intent to Deliver a Controlled Substance and Unlawful Delivery of a Controlled Substance within 1,000 feet of a Place of Worship, should not have counted because the state statutes criminalize a broader range of conduct than the comparable federal controlled-substance offenses. This argument is foreclosed by Seventh Circuit precedent.

In *United States v. Wallace*, 991 F.3d 810, 817 & n.3 (7th Cir. 2021), the court held that a prior Illinois conviction for delivery of a controlled substance qualifies as a "controlled substance offense" under the Guidelines even though the Illinois statute is broader than federal law, and it expressly noted that recent precedent had already foreclosed the contrary argument. The Appellate Court reaffirmed that holding in

Petitioner's direct appeal. *See United States v. Foster*, No. 22-2542, 2023 WL 2064152, at *2 (7th Cir. Feb. 17, 2023) (describing any attempt to relitigate the issue as frivolous). Because the argument lacks merit under Seventh Circuit law, counsel's decision not to raise it at sentencing was neither deficient nor prejudicial.

*e. Failure to Recuse*

As previously noted, to prevail on an ineffective-assistance claim, Petitioner must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). To the extent he implies a conflict of interest, he must demonstrate an actual conflict that adversely affected counsel's performance under *Cuyler v. Sullivan*, 446 U.S. 335 (1980); absent an actual conflict, the *Cuyler* presumption of prejudice does not apply and *Strickland* controls. As an initial matter, Petitioner identifies no specific reason he sought counsel's withdrawal, describes no actual conflict, and offers no facts showing deficient performance or prejudice. He offers only bare assertions which are insufficient. *See Lindsey v. United States*, No. 1:09-CV-1500-WTL-MJD, 2011 WL 837170, at *5–6 (S.D. Ind. Mar. 8, 2011) (citing *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005), and *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002)).

Further, the record refutes Petitioner's claim. Counsel responded to Petitioner's expression of dissatisfaction by requesting a hearing rather than ignoring the issue. After conducting the February 9, 2022, *ex parte* hearing, the Court found that no irretrievable breakdown existed. An *ex parte* hearing of this kind affords the Court an adequate opportunity to assess the reasons for the request and determine whether a total breakdown in the attorney-client relationship has occurred. *United States v. Ladd*, 215 F.

App'x 526, 528–29 (7th Cir. 2007). Disagreements over strategy or communication do not, standing alone, constitute the total breakdown that might warrant substitution of counsel. *Id.* Counsel's decision to continue representing Petitioner after the Court determined the relationship remained intact was not deficient performance under *Strickland*. *See also* *Stacy v. United States*, No. 15-CV-01393-JPG, 2016 WL 6235768, at *5 (S.D. Ill. Oct. 25, 2016) (a defendant who, after expressing dissatisfaction, later affirms satisfaction with counsel cannot thereafter claim that counsel was ineffective for failing to withdraw).

Nor has Petitioner carried his burden of establishing an actual conflict under *Cuyler*. An actual conflict exists when "defense counsel was faced with a choice between advancing his own interests above those of his client." *Blake v. United States*, 723 F.3d 870, 880 (7th Cir. 2013). Mere dissatisfaction or communication issues are not an actual conflict. *Lindsey*, 2011 WL 837170, at *5–6. And Petitioner does not allege any conflict or offer any evidence suggesting that counsel's performance was adversely affected.

To the extent Petitioner frames this as a Sixth Amendment challenge outside the ineffective-assistance framework, it likewise fails. The right to counsel of choice "arises only when defendants do not require appointed counsel." *United States v. Ladd*, 215 F. App'x 526, 529 (7th Cir. 2007) (citing *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006)). Because Petitioner was represented by an appointed Federal Public Defender, he had no constitutional right to counsel of his choosing. The Court's determination after a proper *ex parte* hearing, together with Petitioner's subsequent affirmations of satisfaction, independently defeats any such claim.

### 2. Appellate Court Representation

Petitioner contends counsel failed to adequately litigate matters pertaining to his sentencing before the Seventh Circuit and Supreme Court. (Doc. 1, pg. 4). To the extent that Petitioner is alleging he received ineffective assistance because counsel filed an *Anders* brief, the claim is without merit. "The filing of an *Anders* brief that fails to point out meritorious issues can, in principle, constitute ineffective assistance." *Steward v. Gilmore,* 80 F.3d 1205, 1213 (7th Cir.1996). However, Petitioner does not identify any meritorious issue appellate counsel should have raised.

Moreover, an attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *McCoy v. Court of Appeals of Wisc., Dist. 1,* 486 U.S. 429, 438 (1988). Petitioner's appellate counsel followed the proper procedure for withdrawing. *See Anders,* 386 U.S. at 744. Petitioner was notified of his right to file a response to the *Anders* motion, but he did not file a response. *United States v. Foster*, No. 22-2542, 2023 WL 2064152 (7th Cir. Feb. 17, 2023). Upon review, the Seventh Circuit agreed with counsel that there were no meritorious issues for appeal and allowed counsel to withdraw. *Id.* Therefore, counsel's performance was not deficient, nor was Petitioner prejudiced. *See Norwood v. U.S.* 2011 WL 2975999, *5 (C.D .Ill.2011) (where *Anders* brief was accepted and found to be satisfactory on appeal, the brief did not give rise to a colorable claim of ineffective assistance).

To the extent Petitioner claims counsel was ineffective for failing to seek certiorari with the Supreme Court, the claim also fails. On February 17, 2023, the Appellate Court agreed with counsel's Anders brief, dismissed the appeal, and granted counsel's motion

to withdraw. There is no constitutional right to counsel for discretionary Supreme Court review. *Ross v. Moffitt*, 417 U.S. 600, 616-18 (1974). Where no such right exists, counsel's failure cannot constitute ineffective assistance. *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009).

Moreover, the Seventh Circuit's CJA Plan creates only a limited statutory duty. Under Section VII.D of the current Plan, after an adverse decision counsel must advise the client in writing of the right to seek certiorari and, if the client requests it and non-frivolous grounds exist, must file the petition. Seventh Circuit Appellate CJA Plan § VII.D; *see also* *United States v. Price*, 491 F.3d 613, 615–16 (7th Cir. 2007). In this case, the Seventh Circuit's determination that the appeal was frivolous, together with its grant of the motion to withdraw, eliminated any non-frivolous grounds for a certiorari petition. The formal grant of withdrawal terminated counsel's appointment and thereby ended any remaining statutory obligation under the Plan.

**B. Career Offender Status**

Petitioner contends that the career-offender enhancement was incorrectly applied. In support, he relies on what he styles "*Campbell vs. United States*," apparently referring to *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022). That decision is not binding in this Circuit and, in any event, has been overruled in part. *See* *United States v. Jackson*, 127 F.4th 448, 451 n.2 (4th Cir. 2025). More fundamentally, *Campbell* is inapposite. Petitioner's career-offender designation rested on two Illinois convictions for unlawful delivery of a controlled substance within 1,000 feet of a place of worship and unlawful possession with intent to deliver a controlled substance. (Criminal Case Doc. 49 at 5). *Campbell* does not

address these predicate offenses. Further, on direct appeal, the Seventh Circuit considered Petitioner's prior convictions and concluded they properly supported the career-offender guideline. *Foster*, No. 22-2542, 2023 WL 2064152, at *2. The claim is therefore without merit.

**C. Prosecutorial Misconduct**

Petitioner contends that the prosecutor engaged in multiple acts of misconduct that prejudiced him. Specifically, he alleges that the prosecutor (1) defamed him at sentencing by making "harsh false statements," (2) sought a sentence outside the guideline range in breach of a plea agreement, (3) failed to recommend a one-to-one crack-to-powder ratio, (4) used chemicals other than controlled substances to inflate the guidelines calculation, and (5) failed to offer a written plea agreement. (Doc. 1 at 16.) The Court first notes that Petitioner failed to raise any such arguments on appeal. As Petitioner has made no showing of cause for failing to raise these arguments, or actual prejudice resulting from his failure, he is procedurally barred from raising these issues in his § 2255 motion. *Delatorre v. United States*, 847 F.3d 837 (7th Cir. 2017). However, even if these arguments are not procedurally barred, none has merit.

As to the alleged defamation, Petitioner identifies no specific statement he contends was improper. A general assertion of "harsh false statements," without more, is insufficient to show that any remark by the prosecutor was so egregious that it deprived Petitioner of a fair sentencing hearing. *See Patel v. United States*, 19 F.3d 1231, 1237 (7th Cir. 1994).

The claim that the United States breached a plea agreement by seeking a sentence outside the guideline range fails because there was no plea agreement. Petitioner entered an open plea. The government could not have breached an agreement that never existed. Moreover, the record shows that the United States recommended a sentence at the high end of the advisory guideline range, not above it. This claim lacks any factual basis.

Petitioner's related complaint that the government failed to offer a written plea agreement is equally meritless. A defendant has no constitutional right to receive a plea offer, much less to have any particular offer extended or accepted. *See United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000) ("[I]t is axiomatic that the government is not bound to discuss, much less enter into, a plea agreement.").

Petitioner next asserts that the prosecutor committed misconduct by declining to recommend that the advisory guidelines for 13.7 grams of cocaine base be calculated as if the substance were powder cocaine. This argument appears to rest on the proposed EQUAL Act, which sought to eliminate the crack/powder disparity, and on a subsequent charging directive issued by the Attorney General. The EQUAL Act never became law. The Attorney General's December 2022 directive post-dated Petitioner's sentencing and, in any event, does not bind sentencing courts. Neither source establishes prosecutorial misconduct.

Finally, Petitioner's bare assertion that "other chemicals" were used to inflate the drug quantity is unsupported by any evidence. The laboratory reports in the record do not corroborate the claim. A conclusory allegation, standing alone, is insufficient to demonstrate that Petitioner was deprived of a fair proceeding.

**D. Equal Protection**

Petitioner next argues that the 18:1 crack-to-powder sentencing disparity violated his equal-protection rights. In support he cites the Attorney General's December 2022 charging directive and the November 1, 2023 amendments to the Sentencing Guidelines. Neither the EQUAL Act nor the Attorney General's directive has any bearing on Petitioner's sentence. The EQUAL Act was not enacted. *See Hernandez v. United States*, No. 2:07CR01172(23) DDP, 2025 WL 1453051, at *2 n.2 (C.D. Cal. May 21, 2025) (discussing the legislative history of the EQUAL Act).The December 2022 directive is not law, does not bind the courts, and was issued after Petitioner was sentenced.

Petitioner also seeks the benefit of the November 1, 2023 guideline amendments. He references "293 Amended guidelines" but identifies no specific change that would alter his guideline range. Petitioner is ineligible for the status-point and zero-point offender adjustments. Those provisions simply do not apply to him.

The Court previously considered and rejected substantially the same arguments when Petitioner raised them in a motion to reduce his sentence. *United States v. Foster*, No. 21-CR-30137-DWD, 2024 WL 1483986 (S.D. Ill. Apr. 5, 2024). The Court declines to revisit that ruling here.

**IV. CONCLUSION**

For the reasons set forth above, the Motion under 28 U.S.C. § **2255** to Vacate, Set Aside or Correct Sentence (Doc. 1), is **DENIED**. The Clerk of Court shall enter judgment accordingly and close this case.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Dated: August 24, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.08.24 16:30:45 -05'00'

DAVID W. DUGAN
United States District Judge